**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| SAMUEL DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-00434-WTL-MJD |
| | ) | |
| BAXTER Officer, | ) | |
| DONALDSON Seargent, | ) | |
| MILLER Officer, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Defendants' Motions for Summary Judgment**

In this civil action, plaintiff Samuel Davis ("Mr. Davis"), an Indiana prisoner incarcerated at the Wabash Valley Correctional Facility ("Wabash"), alleges that he was subjected to excessive force when defendants Baxter, Donaldson and Miller shut his cell door on his arm.

Presently pending before the Court is the Motion for Summary Judgment filed by Defendants Baxter, Donaldson and Miller on April 12, 2017 (Dkt. No. 22). The defendants' motion argues that the claims alleged against them are barred under the exhaustion provision of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, that requires a prisoner to first exhaust his available administrative remedies before filing a lawsuit in court. Mr. Davis argues in response that he exhausted his administrative remedies by filing a timely appeal. The defendants replied and the plaintiff filed a surreply. This motion is now fully briefed.

For the reasons explained below, the motion for summary judgment, Dkt. No. 22, is **denied** and further proceedings are directed.

## I. Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's

administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). So here, the defendants bear the burden of demonstrating that Mr. Davis failed to exhaust all available administrative remedies before he filed this suit. *Id.* at 681.

## II. Material Facts

At all times relevant to his claims in this suit, Mr. Davis was incarcerated at Wabash. Wabash maintained a grievance policy regarding complaints about prison conditions. The grievance process requires an offender to attempt to resolve the grievance informally through officials at the facility by contacting staff to discuss the matter or incident subject to the grievance and seeking informal resolution. If the offender is unable to obtain a resolution of the grievance informally, he may submit a formal written complaint (Level I grievance) to the Grievance Specialist of the facility where the incident occurred. If the formal written complaint is not resolved in a manner that satisfies the offender, he may submit an appeal (Level II) within ten (10) working days from the date of receipt of the Level I grievance response. If the offender receives no grievance response within 25 working days of the day he submitted the grievance, he may appeal as though the grievance had been denied. In that event, the time to appeal begins on the 26th working day after the grievance was submitted and ends 10 working days later.

Mr. Davis' claim is that corrections officers closed his cell door on his arm. The parties agree that Mr. Davis attempted to resolve his grievance informally and filed a formal written complaint in accord with the requirements of the facility's grievance process. He filed an informal complaint one day after the alleged incident and was seen by medical several days later. Medical

personnel noted no bruising at that time. Mr. Davis then filed a formal complaint stating that he was still in pain and wanted another medical examination. He was again seen by medical and was given an appeal form.

There is, however, a material dispute of fact as to whether Mr. Davis appealed his grievance. The defendants assert in their motion for summary judgment that Mr. Davis never filed his appeal. They submit a report of Mr. Davis' grievances to show that this grievance was not appealed. The defendants note that Mr. Davis submitted the completed formal and informal grievance forms to this Court earlier in this case, but did not submit the completed appeal form until defendants filed their motion for summary judgment. They conclude from this that Mr. Davis did not complete the appeal form until after the motion for summary judgment was filed in this case.

Mr. Davis, on the other hand, attests to having submitted the appeal form to the appropriate grievance specialist at Wabash. He further asserts that he has had repeated problems with the grievance specialist losing his paperwork or failing to file his grievance forms as a means of retaliation.

### III. Discussion

The defendants argue that Mr. Davis failed to appeal his grievance relating to the alleged injuring of his arm in his cell door. Mr. Davis, however, has provided testimony which supports his claim that he did all he could to file the appeal.

Prison staff having the responsibility of providing prisoners with a meaningful opportunity to raise grievances cannot refuse to facilitate that process and then later argue that the prisoner did not comply with procedures or file in a timely manner. *See Kaba*, 458 F.3d at 684. While prisoners are required to exhaust available remedies, they "need not exhaust unavailable ones." *Ross v.*

*Blake*, 136 S. Ct. 1850, 1858 (2016). An administrative procedure is unavailable when "it operates as a simple dead end," when it "might be so opaque that it becomes, practically speaking, incapable of use" or when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id*. at 1860.

The facts construed in the light most favorable to Mr. Davis as the non-movant raise a material question of fact regarding whether he was thwarted in his attempt to use the grievance system. Accordingly, the motion for summary judgment, Dkt. No. 22, is **denied.**

## IV. Further Proceedings

The defendants shall have **through October 30, 2017,** in which to notify the Court in writing that they have either abandoned their affirmative defense of exhaustion or request a hearing to resolve the factual dispute detailed above. If the defendants request a hearing and plaintiff would like assistance in recruiting counsel, he may file a motion for assistance with recruiting counsel. The **clerk is directed** to include the motion for counsel form when distributing this entry to the plaintiff.

**IT IS SO ORDERED.**

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Date: 10/12/17                    Southern District of Indiana


**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**

Distribution:

SAMUEL DAVIS
962441
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Electronically registered counsel