UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SAMUEL DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-00434-WTL-DLP |
| | ) | |
| BAXTER, | ) | |
| DONALDSON, | ) | |
| MILLER, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry on *Pavey* Hearing Denying Affirmative Defense
of Failure to Exhaust Available Administrative Remedies**

**I. Background**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by Samuel Davis, who was formerly confined at Wabash Valley Correctional Facility ("Wabash Valley"). Mr. Davis alleges that, while he was incarcerated at Wabash Valley, the defendants violated his Eighth Amendment rights when they used excessive force against him on July 6, 2016, by closing his cell door, pinning him between the door and doorframe.

The defendants asserted as an affirmative defense their contention that Mr. Davis failed to comply with the exhaustion requirement of the Prison Litigation Reform Act ("PLRA"). The burden of proof as to this defense rests on the defendants. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

On summary judgment, the Court determined that there was a genuine issue of material fact as to whether Mr. Davis submitted a second level appeal of grievance #92992 relating to the July 6, 2016 Incident.

1

Because the defendants' motion for summary judgment was denied, a hearing in accordance with *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) was scheduled. Pro bono counsel was recruited to assist Mr. Davis in preparation for and participation in the hearing.

The *Pavey* hearing was conducted on March 27, 2018. Mr. Davis was present. He was ably represented by recruited counsel Mr. Daniel Bowman.[1] The defendants appeared by counsel. Documentary evidence was submitted, as well as testimony from Grievance Specialist Teresa Littlejohn and Law Librarian Brenda Hinton.

For the reasons explained in this Entry, the Court finds that the defendants failed to meet their burden of proof and therefore, failed to show that Mr. Davis failed to exhaust his available administrative remedies with respect to the July 6, 2016 Incident prior to filing this lawsuit.

## II. Discussion

### A.   Legal Standards

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The statutory exhaustion requirement is that "[n]o action shall be brought with respect to prison conditions…by a prisoner…until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532.

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some

---

[1] The Court greatly appreciates the efforts of volunteer counsel, Mr. Bowman, in representing Mr. Davis for purposes of this hearing.

orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals in the place, and at the time, the prison's administrative rules require.") (internal quotation omitted). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004).

As noted, it is the burden of the defendants to establish that the administrative process was available to Mr. Davis. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted).

"This circuit has taken a strict approach to exhaustion." *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). "An inmate must comply with the administrative grievance process that the State establishes, at least as long as it is actually available to the inmate." *Id.*

**B. Findings of Fact**

The following facts are found by the Court to be true for purposes of the issue of exhaustion based on the stipulation of facts submitted by the parties and testimony and documents presented during the hearing:

On July 6, 2016, Mr. Davis was incarcerated at Wabash Valley, a correctional facility operated by the Indiana Department of Correction ("IDOC"). Teresa Littlejohn was at all relevant

times the Grievance Specialist at Wabash Valley. IDOC Policy and Administrative Procedure 00-02-301, Offender Grievance Process (effective April 5, 2015), is the IDOC policy governing the grievance process and how an offender can exhaust his administrative remedies. Ex. 1.

The Offender Grievance Process consists of three steps. The first step is an informal attempt to resolve the issue. If that fails, then an offender proceeds by filing a Level I formal grievance with the Grievance Specialist. If the Level I formal grievance is not resolved in a manner that satisfies the offender, the offender may pursue the issue by filing a Level II Appeal. Ex. 1.

Mr. Davis has claimed that on July 6, 2016, defendants opened the door to his cell and when he approached to ask why the door was opened, the door was shut such that he was pinned between the door and the doorframe. Mr. Davis completed step one of the Grievance Process on July 7, 2016, by filing a timely Offender Complaint-Informal Process Level. This attempt at resolution was unsuccessful and Mr. Davis noted his disagreement on July 20, 2016. On July 22, 2016, Mr. Davis completed step two of the Grievance Process by filing a timely Offender Grievance form, which is a Level I grievance. The Level I grievance was denied under Grievance #92992. Mr. Davis claims to have filed a Level II appeal for Grievance #92992. IDOC claims to have no record of a processed appeal.

Mr. Davis did not testify at the hearing. In support of their affirmative defense, the defendants submitted exhibits and presented the testimony of Teresa Littlejohn and Brenda Hinton.

Teresa Littlejohn testified that the IDOC does not track when an inmate submits a grievance. Instead, she records when she processes a grievance form. Sometimes there is a backlog of grievance forms so that the date recorded in the IDOC's computer system does not reflect either the date the inmate submitted the form or the date it was received by the grievance specialist. The

IDOC also does not record when a grievance response is received by an inmate. Finally, the grievance system is not audited at the facility level.

Mr. Davis dated his first level grievance June 22, 2016. That date is obviously incorrect because it is before the incident date of July 6, 2016. Given that Mr. Davis completed the informal grievance step on July 20, 2016, and a notation on the first level grievance form indicates that it was issued to Mr. Davis on July 21, 2016, this Court finds that he completed the first level grievance form on July 22, 2016. Teresa Littlejohn did not enter it into the IDOC's computer system until August 19, 2016, nearly a month later.[2] A second level appeal form was issued to Mr. Davis on September 19, 2016. In response to the defendants' motion for summary judgment, Mr. Davis produced a completed second level appeal form dated September 20, 2016. The completed form was admitted as evidence at the hearing. Ex. 6.

Brenda Hinton testified that an inmate in restricted housing, such as Mr. Davis, cannot attend the law library and therefore must complete request forms to access legal resources and to make copies. She maintains copies of all library request forms and also maintains a log of requests that have been fulfilled. Each entry in the fulfillment log should have a corresponding request form and each request form should have a corresponding entry on the fulfillment log. But Ms. Hinton testified that she and her staff "can't keep track of every little thing." Dkt. No. 93, p. 44.

---

[2] Although timing is not a dispositive issue in this case, it is troubling that inmates are required to proceed to the next step of the grievance process within a certain number of days, and yet the facility does not have a policy of recording when inmates receive grievance responses from which they can appeal. And although Ms. Littlejohn testified that she is lenient when calculating grievance deadlines, she was unsure whether the deadline to submit a formal grievance was twenty days or twenty business days from the date of the incident. Dkt. No. 93, p. 19. With no means of recording when the grievance specialist receives a grievance form from an inmate, it would be difficult to accurately deem any inmate grievance untimely.

The defendants submitted Ms. Hinton's testimony for the purpose of proving that Mr. Davis never requested to make a copy of his second level appeal form. The importance of this assertion, in the eyes of the defendants, is that Mr. Davis could not have submitted a completed second level appeal, and retained a copy to produce at his deposition, if he never requested to make a copy of it through the law library. The Court is not persuaded by this argument. Ms. Hinton testified that there are other avenues for inmates to make copies. Furthermore, the testimony left some doubt as to whether the library logs were an accurate record of copy requests.

Mr. Davis attests that he submitted a completed second level appeal form. Dkt. Nos. 42 & 79. The defendants' contention that he did not complete the appeal process rests on the lack of a record of Mr. Davis's second level appeal in the IDOC computer system. Teresa Littlejohn's testimony regarding what happens to a grievance form after being completed by an inmate indicates that there are multiple opportunities for processing errors. For example, inmates give completed appeal forms to their caseworker. The forms are recorded in the IDOC computer system by Ms. Littlejohn not necessarily on the date which she receives them. What happens in between is unclear. The facility does not track when caseworkers receive completed forms from inmates. It does not track when caseworkers place forms into the facility mail system. It does not track when forms are received by the grievance specialist. As evidenced by Mr. Davis's first level grievance, this process can sometimes take up to four weeks.

Given the uncertainties associated with these grievance procedures, it is reasonable to conclude that Mr. Davis's second level appeal was lost. The defendants have not met their burden of establishing that Mr. Davis failed to exhaust his administrative remedies. Instead, the Court accepts Mr. Davis's position that he completed and properly submitted the grievance appeal form.

This conclusion is supported by Mr. Davis's sworn declaration, Dkt. No. 42, the stipulation of facts, Dkt. No. 79, and the completed form, Ex. 6.[3]

### III. Conclusion

The defendants' defense of failure to exhaust available administrative remedies relating to the July 6, 2016 Incident is **dismissed.** The Court will separately enter a scheduling order to direct the further development of this action.

The **clerk is directed to update the docket** to reflect that Mr. Bowman's limited representation of Mr. Davis has concluded.

**IT IS SO ORDERED.**

Date: 5/22/18

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

SAMUEL DAVIS
962441
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Daniel Bowman
FILLENWARTH DENNERLINE GROTH & TOWE LLP
dbowman@fdgtlaborlaw.com

Marley Genele Hancock
INDIANA ATTORNEY GENERAL
marley.hancock@atg.in.gov

Jonathan Paul Nagy
INDIANA ATTORNEY GENERAL
jonathan.nagy@atg.in.gov

---

[3] The Court notes that the plaintiff's deposition testimony further supports this conclusion and was provided to the Court at the hearing but was ultimately not admitted as evidence.